UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>MARIA DEKOKER,<br><br>　　　　　Respondent. | CASE NO. 3:10-mc-05026-BHS-KLS<br><br>MAGISTRATE JUDGE CERTIFICATION |

The undersigned Magistrate Judge is issuing this Certification pursuant to 28 U.S.C. § 636(e)(6) for the purpose of the District Judge Benjamin Settle conducting a show cause hearing requiring the Respondent to show cause why she should not be found in civil contempt. The Show Cause hearing is scheduled for **Monday, May 9, 2011 at 11:00 a.m. before the Honorable Benjamin Settle at the Federal Courthouse in Tacoma, Courtroom E and the Respondent is directed to be present for that hearing.**

Magistrate Judge
Certification         - 1

1  The undersigned notes that the Petitioner filed three Petitions to Enforce Internal
2 Revenue Service Summons which were then filed as three separate suits.  In addition to United
3 States of America v. James De Koker (C 10-5025), suits were filed under United States of
4 America v. Maria De Koker (C 10-5025) and United States of America v. James De Koker, as
5 President of Country Tractor & Garden, Inc. (C 10-5026).  The undersigned is filing a
6 Certification in each of the three cases with the substance of each Certification being the same.
7  For purposes of the certification, the Magistrate Judge certifies the following facts:
8  On October 26, 22010 the United States filed a Petition to Enforce Internal Revenue
9 Service Summons. ECF No. 1.  Judge Settle signed the Order of Enforcement of Summons on
10 January 6, 2011 (ECF No. 8) which directed Maria De Koker, Respondent, to appear before
11 investigating Revenue Agent Sandy Bowman, or any other proper agent, officer, or employee of
12 the Internal Revenue Service, not later than twenty (20) workdays following the entry of the
13 Order.   The Respondent had until February 4, 2011 to comply with the Court's order.
14  The Respondent appeared before Revenue Agent Bowman on February 7, 2011 but did
15 not produce documents in compliance with the Internal Revenue Service summons or provide
16 any testimony.  ECF No. 10-1 (Declaration of Sandy Bowman).  When the Respondent appeared
17 she and her husband, James De Koker, had with them a box that was taped shut with duct tape.
18 James De Koker told Revenue Agent Bowman that the box contained records.  Because it was
19 duct taped shut Revenue Agent Bowman asked James De Koker to open it and he refused.
20 James De Koker told the Revenue Agent that the box was duct taped shut so that the "box would
21 not open and spill out the records." ECF No. 14, p. 8. (Affidavit of Fact by James De Koker).
22 Revenue Agent Bowman refused to accept the taped box and it remains in the possession of the
23 Respondent and her husband, James De Koker.  In response to the Court's inquiry at the hearing
24 held on April 27, 2011, the Respondent and James De Koker provided the same reason as to why

Magistrate Judge
Certification                - 2

1 the box was taped with duct tape.  The undersigned pointed out that there are boxes available

2 that have covers which would prevent records from spilling out and that there are envelopes

3 available that can easily be sealed that would prevent records from spilling out and the

4 undersigned again inquired as to why the box was sealed with duct tape.  Neither the Respondent

5 nor James De Koker could give a reason.  The Court finds that the box was not taped shut to

6 keep records from spilling out but rather as a defiant act in response to the subpoena.

7      The undersigned finds that Revenue Agent Bowman was justified in not accepting the

8 box that was duct taped shut.  The Agent had no knowledge as to what was in it, there could have

9 been something harmful in the box and coupled with the fact that the Respondent refused to open

10 it himself the Agent had legitimate concerns for her safety.  The undersigned concludes that

11 Agent Bowman's decision to not take possession of the box was reasonable in light of the facts,

12 or lack of facts, then known to her.

13      The Petitioner filed a Motion for Order to Show Cause Regarding Contempt of Court

14 (ECF No. 12) and the undersigned signed an Order Requiring Respondent to Show Cause

15 Regarding Contempt of Court on March 30, 2011 and scheduled the hearing for April 27, 2011 at

16 10:00 a.m.  ECF No. 13.  The Respondent appeared at the hearing.  The Respondent did not have

17 the taped box with her at the show cause hearing nor did she have any of the records listed in the

18 Summons with her at the hearing.  The Petitioner was represented by AUSA Brouillard at the

19 hearing.

20      Prior to the hearing, the Respondent filed a Petition for Order in the Nature of a Writ Quo

21 Warranto (ECF No. 15) and a Motion to Dismiss for Insufficiency of Process and for Failure to

22 State a Claim Upon Which Relief Can Be Granted.  ECF No. 16.  The Petitioner did not file

23 anything in opposition to the two documents filed by the Respondent.

24

Magistrate Judge
Certification           - 3

1  At the hearing on April 27, 2011 the undersigned heard argument from the Respondent in
2  support of the two motions he filed.
3  The Motion to Dismiss (ECF No. 16) is based on the premise that the Petitioner must
4  institute any proceeding against the Respondent by following the Federal Rules of Civil
5  Procedure to include filing a complaint (as opposed to a petition) and service of a summons and
6  complaint on the Respondent.  The Respondent argues that failure to do so results in the court
7  lacking jurisdiction and the case should therefore be dismissed for insufficiency of process and
8  failure to state a claim.  The Court finds this argument to be frivolous.  26 U.S.C. § 7402(b) and
9  7604(a) provide that enforcement shall be "by appropriate process."  "Appropriate process"
10 required by these two sections is met when the Respondent is afforded an "adversary hearing."
11 *United States of America v. Ruggeiro,* 300 F. Supp. 968, 972 (9th Cir. 1969).  The undersigned
12 finds that the procedure followed by the Petitioner affords the Respondent "appropriate process."
13 The second motion filed by the Respondent asks the Court "to compel the United States
14 Attorneys to show by what authority they bring this action to enforce an IRS summons in a
15 manner that does not comply with the **Federal Rules of Civil Procedure,** namely **Rules 2, 3, 4,**
16 and **17.**"  ECF No. 14.   For the reasons set forth above, the undersigned finds that the cited civil
17 rules do not apply to this proceeding.  In addition, AUSA Brouillard, who represents the
18 Petitioner, pointed out that Title 26 of the United States Code sets forth the law.  At no time did
19 the Respondent assert that she was not a United States citizen.  In fact, James De Koker asserted
20 that he paid taxes until he determined that there was no law that defined him as a taxpayer.
21 The Respondent asserted no other defenses against the Summons issued by the Petitioner.
22 At the hearing, the undersigned stated that she would file a Certification for consideration
23 by the District Judge in his determination as to whether the Respondent should be found in civil
24 contempt for her failure to comply with the duly authorized summons.  The undersigned further

1  advised the Respondent that should the judge find her in civil contempt, that she would have the

2  ability to purge herself of that contempt by providing the records that were listed in the

3  Summons.  ECF No. 1-2.

4      In addition, the undersigned advised the Respondent that she was scheduling a hearing

5  before Judge Settle, for his consideration as to whether the Respondent should be found in

6  contempt of court, for Monday, May 9, 2011 at 11:00 a.m. and that this Certification would also

7  set forth that scheduling information.

8      The undersigned finds that the Respondent failed to comply with the Summons and has

9  not produced any records in good faith and has not provided appropriate testimony as directed in

10  the Summons.  The undersigned recommends that the District Judge conduct a hearing on May

11  9, 2011 to hear evidence as to the act or conduct complained of and, if it is such as to warrant

12  punishment, punish the Respondent in the same manner and to the same extent as for a contempt

13  committed before a district judge.  28 U.S.C. § 636(e)(6).

14      The Clerk of the Court is directed to mail a copy of this Magistrate Judge Certification to

15  the Respondent, Maria De Koker.

16      DATED this 27th day of April, 2011.

17

18                                              Karen L. Strombom

19                                              United States Magistrate Judge

20

21

22

23

24

Magistrate Judge
Certification           - 6